STANLEY HOISTING CO. v. CAPITOL REALTY & CONSTRUCTION
CO. et al.

(Supreme Court, Appellate Term, First Department. October 27, 1914.)

1. TRIAL (§ 26*)—ADJOURNMENT—CONDITIONS—COSTS AND DISBURSEMENTS.

Code Civ. Proc. § 3255, provides that, where an application is made for an adjournment of a trial in the City Court of New York, a sum not exceeding $5, besides the fees of the adverse party's witnesses and other taxable disbursements made or incurred, which are rendered ineffectual by the adjournment, may be required as a condition to granting it. *Held*, that such section precluded the granting of an order allowing plaintiff $73 for fees to be paid expert witnesses and money paid witnesses to compensate them for loss of time occasioned by their attendance in court as a condition to granting defendant's application for an adjournment.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 42; Dec. Dig. § 26.*]

2. TRIAL (§ 26*)—COSTS ON ADJOURNMENT.

An agreement by defendant to pay witness fees and disbursements as a condition to the granting of its motion for an adjournment only bound it to pay the witness fees and disbursements which were properly taxable

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

by law, and was not a waiver of defendant's right to the application of Code Civ. Proc. § 3255, providing for allowance, on adjournment or a trial in the City Court of New York, of a sum not exceeding $5 besides the fees of witnesses and taxable disbursements already made or incurred.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 42; Dec. Dig. § 26.*]

Appeal from City Court of New York, Special Term.

Action by the Stanley Hoisting Company against the Capitol Realty & Construction Company. From an order denying defendant's motion to vacate an order requiring it to pay plaintiff $73 disbursements and expenses incurred as a result of the adjournment of a trial at defendant's request, defendant company appeals. Reversed, and order modified.

Argued October term, 1914, before SEABURY, BIJUR, and CO-HALAN, JJ.

Jellenik & Stern, of New York City (Nathan D. Stern and Julius J. Michael, both of New York City, of counsel), for appellant.

George F. Harriman, of New York City (Thomas J. Blake, of New York City, of counsel), for respondent.

SEABURY, J. The defendant appeals from an order denying its motion to vacate an ex parte order requiring it to pay to the plaintiff the sum of $73 "disbursements and expenses incurred" as a result of the adjournment of the trial of the action at the request of the defendant. Of the $73 allowed it is conceded that the defendant is properly chargeable with the sum of $9. The other disbursements are the subject of dispute.

[1] The amount allowed in excess of $9 consisted in fees to be paid to expert witnesses and money paid to witnesses to compensate them for loss of time occasioned by attendance in court. These amounts were not properly taxable under the statute as fees or disbursements, and, being in excess of $5, were allowed in violation of the express provision of section 3255 of the Code of Civil Procedure.

[2] The respondent seeks to uphold the order appealed from, and asserts that a statutory right may be waived by consent of the parties. The difficulty with this contention is that there is no proof in the record to show that the defendant ever consented to pay these amounts, or that the defendant did any act which could constitute a waiver of the provision of the statute referred to. It does appear that the defendant agreed to pay witnesses' fees and disbursements, but in the absence of any evidence on the subject this must be disregarded as an agreement to pay the witnesses' fees and disbursements, which were properly taxable by law.

The order appealed from is reversed, and the order sought to be vacated is modified, by reducing the amount of fees and disbursements to $9. The appellant is allowed the costs and disbursements of this appeal.

Order reversed, with $10 costs and disbursements, and order sought to be vacated modified, by reducing the amount of fees and disbursements to the sum of $9. All concur.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes